Oral argument not to exceed 15 minutes per side. Mr. Blake, for the Plaintiff Appellate. Good morning. Good morning, Your Honor. Thank you. Jason Blake for Appellant Beanstalk Innovation Inc. I'd like to reserve three minutes of my time for rebuttal. All right. May it please the Court. The issue in this case is whether the District Court erred when it failed to apply the arguable basis test to Appellee's subject matter jurisdiction challenge. The jurisdictional challenge came after the entry of a final judgment and after the time for appeal of that final judgment. How can you say it's a final judgment when punitive damages had not been decided? Sure, Your Honor. A final judgment is one that resolves all claims to all parties. And that's... Are punitive damages part of claims? No, Your Honor. This Court, the Sixth Circuit, has specifically held that punitive damages are not a claim in the case of Bowdoin v. City of Franklin. A claim consists of liability and it consists of damages. Why aren't punitive damages part of a claim? Well, if you look at the cases of Budenich and Hallock, which we recently submitted in a supplemental letter to the Court, the Supreme Court details precisely what kinds of post-judgment proceedings can impact the finality of a judgment, in this case a final judgment. And in those cases, the test for finality is whether the post-judgment proceeding is collateral to and separate from the decision on the merits. But how can punitive damages ever be collateral to a claim? Because no matter how the District Court ruled on punitive damages, the final judgment on the merits, which resolved all the claims as to all the parties, the breach of contract claim, the breach of fiduciary duty claim, the compensatory damages that were set specifically with those claims could never be disturbed. That's correct. But you also had another category of damages that had not been decided by the District Court. So I'm having a hard time understanding. My understanding of collateral would be like attorney's fees and costs, not damages. Well, Your Honor, Hallock, the second case that followed Budenich from the Supreme Court, talks about damages and attorney's fees that can arise even out of the contract that's in dispute as a kind of damage that's ordered. Did Hallock involve punitive damages? Hallock did not specifically address punitive damages, but it was not limited to attorney's fees. But did that involve punitive damages? No, Your Honor. But again, that case also was not limited to attorney's fees either. In fact, that was the cause of the dispute over the circuits in the years following Budenich. What were the collateral matters in those two cases besides attorney's fees? Costs? Well, Your Honor, those cases dealt with attorney's fees as the collateral matter, but the holdings in those cases are not specifically limited to attorney's fees. In fact, Hallock emphasizes the importance of establishing a bright line between final judgments and all the other post-judgment proceedings that can occur, don't have to occur, but that can occur, and even provided a non-exclusive list of other things besides attorney's fees. Would you agree that if this was not a final judgment that your client loses? I would, Your Honor. Okay. Isn't this case of Kovacic v. Cuyahoga County Department of Children and Family Services, a Sixth Circuit case from 2013, would tend to be against your position in the case that damages have to all be resolved before you have a final judgment, and the case doesn't seem to distinguish between compensatory and punitive damages, doesn't really indicate any distinction there. Isn't that case against you? Well, Your Honor, I would argue that that case came pre-Hallock, and that since Hallock, the Supreme Court has made it clear that in the interest of predictability and operational consistency of the federal courts, there needs to be a bright line for litigants to predict when a final judgment has issued, and the test established in that case is whether or not the post-judgment proceeding could alter the order on the merits or moot the order, and in this case, punitive damages, no matter how the district court determines them, simply cannot do that. Well, if you want an earlier case, you could go back to Dowdy v. Pioneer Rural Electric Co-op, a Sixth Circuit case from 1985, and you have the Supreme Court in Liberty v. Mutual Insurance Company v. Wetzel from 1976. There does seem to be earlier cases, if that's your concern. No, Your Honor, and if I misspoke, I apologize. My argument would be that the Sixth Circuit cases you're citing came before the Supreme Court case in Hallock, and Hallock clarified that there's a bright line and that the post-judgment proceeding, whatever its context, as long as it does not alter or amend, alter the order on the merits or moot the order or amend it, it cannot impact the finality of the judgment, and that's precisely what happened in this case. Are you saying that Hallock talks about punitive damages? I'm not, Your Honor. I'm saying Hallock talks about a broader picture involving what finality means, and Hallock was taken up and ruled on by the Supreme Court to clarify and give the Circuit Court's guidance on when a final judgment has issued. Let's accept that the arguable basis test is applicable. This is a 60B context. That's what you're arguing, correct? Yes, Your Honor. 60B-4. Okay. How do you get around the fact that your answer admitted that there was diversity jurisdiction, and you didn't, as far as I can tell, have never amended your answer? Well, we're the plaintiff, Your Honor, and we... Or they did. They admitted. They admitted. There's never been a... And you alleged in the complaint that there was diversity jurisdiction. You never amended your complaint, correct? Correct. So how do you get around that? Isn't that an arguable basis, the fact that the pleadings themselves pleads a diversity jurisdiction and it's agreed that there is? Isn't that an arguable basis? I would agree that that is an arguable basis, and it is what we're arguing supports one of the many facets that supports the Court's arguable basis when it entered its final judgment disposing of all the claims against all the parties. And by the way, it's one among many. Not only did we plead it, they answered it and affirmatively said, yes, there's diversity. They didn't raise subject matter jurisdiction as affirmative defense. They failed to oppose... They failed to raise their subject matter jurisdiction issues, their non-diversity issues in opposition to the TRO. They failed to oppose it in opposition to the summary judgment. They failed to raise it during any time during the litigation. When the Court issued the summary judgment order, which disposed of all the claims between the parties, they failed to file a motion for reconsideration bringing these diversity issues to the Court's attention. And then they failed to timely appeal on direct appeal the summary judgment issue, which they would have had the opportunity to do. And for the first time, even at that point, at that late stage, could have brought those facts to this Court's attention and won on a direct appeal of the judgment on the merits. So it really turns on whether punitive damages are collateral or not. Do you have any case saying that the punitive damages are collateral to a final judgment? Your Honor, other than Howlick and Budunich, which we think clearly establishes the demarcation between final judgments and other types of post-judgment proceedings which cannot alter or moot the order, we do not have a specific case for punitive damages. I also, though, want to direct the Court to what the District Court said in its summary judgment order, where it specifically said, punitive damages will be decided in a post-judgment proceeding. There can't be any mincing of words. The District Court said that. That's what the District Court said. Well, they could have been wrong. I mean, it could have been an erroneous statement of what the law is. Well, I'm not aware of anything in the law that prevents a court from setting those types of proceedings after judgment or after a final judgment. Right, but that doesn't change the fact that it's still not a final judgment until you've decided damages, I think. I mean, that's always been my understanding of what a final judgment is. And it's our position, Your Honor, that Budenich and Halleck have changed the contours of what a final judgment means. And unless the Court has any further questions on the arguable basis test, I can continue talking about finality. So the same rationale that the Court spelled out in Budenich and Halleck applies in this case. It challenges all of the post-judgment proceedings. The interest, the costs, the attorney's fees, the punitive damages. I think everyone can agree, based on Budenich and Halleck at this point, there's no question that interest costs and attorney's fees do not impact the final judgment. And the same goes for punitive damages. And as I said before, no matter how the District Court determines punitives, it cannot alter or moot any aspect of the full decision on the merits. And the analysis in Halleck applies even more so in this case, because in this case the punitive damages don't arise out of any contractual provision that's buried in the merits of the dispute. In Halleck, the attorney's fees provision at issue there actually did arise out of the very contract that was in dispute. Unless the Court is concerned about any complexity issues involved with a punitive damages determination, the Supreme Court in Halleck said, look, we understand that fees and determining these sorts of post-judgment proceedings can be complicated, but that doesn't impact the finality either. And this Court, in the context of J.P. Morgan v. Wingate, had a very complex fees post-judgment proceeding that went on for years. So complexity isn't really a factor either. The intricacies of the post-judgment proceeding shouldn't impact the finality. This Court should apply the analysis in Budanich and Halleck to this case. A post-judgment proceeding on punitive damages neither impacts the decision on the merits nor compensates the injured party. Thus, the District Court's judgment entered on September 19, 2018 is a final and appealable order. Appellant respectfully asks this Court to reverse the District Court's order vacating its September 19, 2018 final judgment and also order the case to go forward with its post-judgment proceedings on attorney's fees, interest, costs, and punitive damages. Thank you. May it please the Court, Counsel Craig Eoff on behalf of SRG Technology, LLC. This case obviously presents a couple of questions. We ask the Court to affirm the decision of the lower court in granting SRG Technology's motion to dismiss this case under a 60-B-4 motion because the Court lacked subject matter jurisdiction. Does the defendant in this case deny owing the money? No. There was a dispute and I would maintain theoretically still is a dispute, but there was a dispute about the amount. There was, I believe if I recall correctly, the last payment that was to be made in this contract was, I think Beanstalk's position was $109,000, SRG Technology's position was it was something different in the neighborhood of $18,000 to $20,000. Should be noted that that amount though that Beanstalk believes the amount of the final payment to be, the $109,000, has been sitting in escrow with Mr. Blake's law firm for over a year now. So it's not, it wasn't a dispute over whether or not the money was owed. There was a small dispute over how much was owed and I mean, listen, the bottom line was the original dispute arose because my client didn't pay, the payment's... Broke? I don't know if I would characterize it as that. There's probably some financial constraints. I wouldn't call it broke necessarily. I'm a little confused that you're buying into that this is a 60B4 motion, not a 12B6 motion or a 12B motion for lack of subject matter jurisdiction. Are you agreeing that this was a final judgment that the court entered that reserved a ruling on punitive damages? That's a great question, Your Honor. I appreciate that. I actually, originally, my motion to the court originally on this issue actually covered both. I filed a 12B6 and a 60B4 motion. Ultimately, the briefing after it was all over with and the district court's decision, the district court's decision came out as a 60B4 decision, which, of course, counsel for Beanstalk appealed and obviously thus brings us here today. I don't agree that it's a final... Are you arguing before us? I mean, are you just arguing it's a 60B4 motion? I'm arguing that there isn't a final appealable order because I do think the punitive damages make it that there is not a final appealable order in this case. That being said, I think I'm somewhat backed into this position where I've got to defend this 60B4 motion. Okay, but let me ask you first about the 60B position. This is the point I brought up with your opposing counsel. The fact that your client answered and said there was subject matter jurisdiction and you never amended your answer, doesn't that provide an arguable basis for subject matter jurisdiction? I don't believe that it does. I think there's a couple of factors that are involved in that. Number one is that I think that, as we all know, subject matter jurisdiction is not waivable. I think if we start entering into an arena where the arguable basis test or whatever argument you want to make goes to a place where those individual actions of a defendant, such as the answer in this case, you are taking something that's not waivable and you've turned it into a waiver argument and now it's becoming waivable. I think there's just an erosion of subject matter jurisdiction law that is probably necessary. Are you saying the standard is the same for a 60B4 motion as it is for a 12B motion as far as subject matter jurisdiction? Well, I think that in terms of the analysis of subject matter jurisdiction, that would be correct. I mean, you're still looking at the same factors from the perspective of, you know, do we have citizens of different states? This obviously was a case of diversity jurisdiction. It was a contract case, so there's no federal question jurisdiction here. So we're looking at 28 U.S.C. 1332. In this particular context, we have a corporation on one side and the plaintiff and the defendant was an LLC. And as we all know, an LLC, that analysis is going to be based on the individual members of the LLC. As it turns out, the corporation, that's the plaintiff in this case, Beanstalk, has as one of its states of citizenship Massachusetts. My client as an LLC has members that are citizens of the Commonwealth of Massachusetts. That alone would defeat diversity jurisdiction. And interestingly enough, I mean, those things, you know, obviously jurisdiction is to be reviewed. Nobody raised that question. He did not. That is correct. Years, right? That is correct. Many years. Well, I don't, the original case I think was filed in 2016, if I remember. I apologize. I'm not 100% sure about that. I can tell you from my perspective, a little bit of background on that. I entered my appearance in this case in December of 2018. The motion for summary judgment that the 60B4 motion asked to overturn was entered in September of 2018. I don't have the clearest picture on why that issue had never been raised prior. What I can tell you is, is that when I was asked to take a look at this, and I looked at a federal court case, I look at issues of jurisdiction, because as we all know, the federal courts are courts of limited jurisdiction. As we reviewed that and analyzed that, you know, it became obvious to me that subject matter jurisdiction did not exist at the time that the complaint was filed, which of course is the time of analysis. What's wrong with the arguable basis test? It's not that I think anything is wrong necessarily with the arguable basis test. What concerns me is two things. One, the application of the arguable basis test to these facts, because I think it creates a deeper erosion of subject matter jurisdiction law than we really intend to create. What I mean by that is, the arguable basis test, correct or wrong, it can potentially, it certainly can. I don't think that's the case here though, because the fact of the matter is, we're not talking about a set of facts or circumstances where, if you go back to the time of the filing of the complaint, you can create a set of facts, or look at a set of facts that needed to be interpreted, where one could conclude that there actually was subject matter jurisdiction. From the very beginning, it never existed, because of the fact that SRG Technology has members that are citizens of Massachusetts. So, in my view, the facts of this case don't provide a very good opportunity to expand the arguable basis doctrine, because I think it takes us down a path that is just not the right direction to go. Look at it from this perspective. It corrects an injustice. Well, but it would also create a situation where an order moves forward, a judgment takes place from a court that didn't have jurisdiction to provide that order in the first place. That's one of the, that's a foundational issue. I think it's fatal to Beanstalk's case. At the end of the day, plaintiff obviously filed this case in federal court and never had jurisdiction to begin with. So the only reason it got raised is because you got in the case, right? After several years, you got in the case and ran this down as a problem. I suspect that's a possibility, yes. Possibility. It's a fact. I mean, I'm obviously the one that raised it, so, you know, to me, you know, the analysis of this case, it wasn't very difficult for me to reach that conclusion. At the end of the day, looking at a register of the members of this LLC and knowing the principal place of business of the plaintiff, I mean, it was a fairly simple argument for me to make at that point in time. Which obviously we chose to do by filing the motion that I was talking to Judge Bush about earlier in terms of, I actually originally approached this kind of in a belt and suspenders approach with a 12B6 and a 60B4. I think I misspoke. I think it's a 12B1. A 12B1. Yeah, I apologize. That's right. It was a 12B1. I led you down the wrong path. It's okay. And unfortunately, I followed you right down there. It was in fact a 12B1 motion. You're absolutely correct, Your Honor. And so ultimately, counsel for Bainstock argued that it really isn't a 12B1 issue, that it was a 60B4 issue. Briefing went in that direction. The court ultimately made a ruling under Rule 60B4. And that's why... The court also ruled under 12B1, too, didn't it? Didn't it have a rule in the alternative? No. I think the court ruled... I think the court vacated the order under Rule 60B4, if I remember correctly. Okay. So there was no ruling based on 12B1? There was not. Okay. There was not. So I would... And I'm happy to go back and look at that again, but I'm pretty confident that the ruling came out of the district court under Rule 60B4, so... But you argued 12B1 to the district court. I did. In my original motion, I filed a 12B1 argument, I did. Well, this case in the Supreme Court, United Students Aid Funds... Yes. It says, quote, federal courts considering Rule 60B4 motions that assert a judgment is void because of jurisdictional defects generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction. Right? Well, there's an arguable basis for jurisdiction here, isn't there? No, I don't think so, because in my view, an arguable basis... Let's take a look at the facts of what was in existence at the moment in time that this complaint was filed. Those members of my client's LLC that are citizens of Massachusetts were citizens of Massachusetts. If we were talking about a situation, and I'm trying to come up with an example that individuals that were citizens of Massachusetts, there was actually an argument about whether or not they were citizens of Massachusetts, maybe they have two homes, and they have a Massachusetts driver's license, but they really live in a home in Florida, and their kids go to school in Florida, and they're registered to vote in Florida, and there's some confusion over that, and there's a debate and an argument over whether or not they're citizens of one state or the other, and a court rules in favor one way or the other. I think you could make an argument at that point in time that an arguable basis existed to exercise that jurisdiction, potentially. You would probably, if you disagree with that decision, you might be arguing with the folks at the Court of Appeals about whether or not that decision on domicile was correct. But the truth of the matter is here, there's only one fact in play, and that is those folks were citizens of Massachusetts. There's been no evidence to refute that, and so therefore, I think that it's hard to make the statement there's an arguable basis for jurisdiction just simply based on the fact that my client's answer agreed that there was, and that it wasn't raised again, because I think then you're forcing them to waive the unwaivable, and to me, I go back to that. Subject matter jurisdiction is not waivable, and everything that is discussed relative to the answer, and to my client not filing a motion to this effect sooner than they did, all points to them waiving subject matter jurisdiction. I want to get back to whether or not there was a final judgment entered. Yes. So the order said the court was reserving judgment on attorney's fees, costs, and punitive damages. Is that right? That's correct. Was there subsequently any order issued by the court as to any of those categories? There has not been yet. Okay, so the answer is there has not been any order. There was no order entered regarding attorney's fees. No, because if I recall correctly, there is still outstanding briefing. Add another layer to this. While these companies are Florida LLC, a Massachusetts slash Delaware corporation, they were doing business relative to the Hamilton County Educational Service Center here in Cincinnati, and I think that the contract between the two parties applies Florida law. So a lawsuit got filed in a district court in Ohio, and it has to interpret Florida law. Let's cut through that. So there's a briefing pending before the district court as to attorney's fees, is that correct? Yes. And costs, presumably. Yes. Is there briefing pending before the district court as to punitive damages? Well, there's briefing that is undone. What do you mean by that? Well, and again, now I'm testing my memory. I'm pretty confident that Beanstalk has actually filed a motion asking for those damages. My client has not responded because when I got in the case and I looked at the case, my reaction was to address this issue of jurisdiction because I felt that it didn't make sense to address all of those extraneous issues. Yeah. Was this a bench trial? Was this supposed to be a bench trial? This was a... Well, the... They got summary judgment. It was summary judgment. Would the punitive damages be decided before a jury or before the court? I think in this case it would have been decided before the court. Okay. And you believe that there is a motion pending for adjudication of punitive damages that's pending before the district court? Yes. I'm pretty confident of that. And I will also tell the court my client has not responded to that yet because my response was obviously... Okay. That's all I needed. Yeah. Thank you. Sure. And I believe I'm out of time. Yes. Good job. Thank you. I, again, we would like to see the court affirm a decision to dismiss the case. Thank you. Thank you. Any more problems? Thank you, Your Honor. Counsel for SRG misconstrues the arguable basis test and if we were to adopt the rule he's proposing, which is to take the facts that as we now know them and apply them to what the court did in the past, that would swallow the arguable basis test. And he said that application of the test to this circumstance of this case would drastically expand the rule. That's simply not true. The best way to illustrate a situation almost identical to this one is in a recent case out of the Fifth Circuit, Parrott v. Hanchu, which was also a diversity case under the Speech Act, though not 1332, and that one was cited in our papers. And in that case, the circuit court rejected a post-judgment challenge to diversity jurisdiction finding that the district court's assertion of jurisdiction easily satisfied the arguable basis test where the litigant failed to raise the issue during the litigation, lost on the merits, and then failed to raise the jurisdictional issue on appeal. Based on that, Parrott applied the arguable basis test, denied the jurisdictional challenge, and Parrott's not alone in that analysis either. In fact, every circuit that's ever looked at a case where a litigant utterly failed given the full and fair opportunity to present the jurisdictional issue, but nevertheless, utterly failed to bring it up to the court's attention, every single one of those cases they lose on the arguable basis test. You've got United States v. Zimmerman out of the Third Circuit, Hunter v. Underwood out of the Eighth Circuit, Namizer v. Baker out of the Second Circuit. I mean, there's no question that the arguable basis test applies in this circumstance. Judge Barrett, you asked how many years. It's a good question. The litigation of this matter was about a year and a half between filing of the complaint TRO all the way through summary judgment. This is actually the second case between these parties before this very court, the Southern District of Ohio, where 1332 was the exclusive basis for jurisdiction. And so they had two bites at this subject matter jurisdiction apple in two separate lawsuits. And that kind of brings me to my next point. This is not waiver. United States v. Zimmerman clearly describes the difference between what's happening with the arguable basis test and waiver. Waiver, known relinquishment of a known right by a party. This is a decision by a court at the time when it asserted its jurisdiction. And that decision, going back to Stolte v. Gottlieb, implicit or explicit or otherwise, is a determination that the court had jurisdiction. For finality's sake, we cannot go back and disturb those. If we were to take SRG's counsel's view of the world, that means a litigant can 5, 10, 15, 20, 100 years in the future, come back and say, oh, by the way, remember that case that happened in the Southern District of Ohio in the 18th century? No subject matter jurisdiction. Unless the court has any further questions. Apparently not. Thank you very much for your argument. Thank you. All right. The case is adjourned.